**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 2 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PACIFIC COAST SURGICAL CENTER,
L.P., a California limited partnership,

      Plaintiff-Appellant,

v.

SCOTTSDALE INSURANCE
COMPANY, an Ohio corporation,

      Defendant-Appellee.

No.   19-55847

D.C. No.
2:18-cv-03904-PSG-KS

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, Chief District Judge, Presiding

Submitted September 3, 2020[**]
Pasadena, California

Before: GOULD and IKUTA, Circuit Judges, and EZRA,[***] District Judge.

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]     The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

Pacific Coast Surgical Center, L.P. ("Pacific Coast") appeals a district court decision granting summary judgment in favor of Scottsdale Insurance Company ("Scottsdale"). Scottsdale, who issued a business and management indemnity policy to Pacific Coast, determined that there was no coverage for two underlying lawsuits filed against Pacific Coast because those lawsuits were claims arising out of the same wrongful acts as a claim first made outside the policy period. The district court concluded that Scottsdale properly declined coverage, finding that there was no genuine dispute of fact that Pacific Coast received a settlement demand letter from one plaintiff (the "Lu Letter") in the related actions before the policy period began. For the reasons stated below, we affirm.

The district court did not err in finding that the Lu Letter was a "claim" under the policy, which defined a claim as, among other things, "a written demand against any Insured for monetary damages or non-monetary or injunctive relief." Under California law, whether something is a "claim" depends on the "claimant's formal demands for service or payment" and the law "does not recognize a request for an explanation, the expression of dissatisfaction or disappointment, mere complaining, or the lodging of a grievance as a claim." *Abifadel v. Cigna Ins. Co.*, 8 Cal. App. 4th 145, 160 (1992). A "demand" is defined as "a request for something under an assertion of right or an insistence on some course of action." *Westrec Marina Mgmt., Inc. v. Arrowood Indem. Co.*, 163 Cal. App. 4th 1387,

1392 (2008).  As such, we affirm the district court's finding that the Lu Letter was an assertion of a legal right, not a request merely intending to "clarify" an interpretation of the agreement and not simply a "strong statement of one's position" by counsel.  *Id*.

**AFFIRMED.**